Ralph H. DRAKE Jr., Defendant–
Appellant,

v.

John W. TABNER, William F. Ryan Jr.,
William J. Keniry, William McCarthy,
As Chapter 7 Trustee to the Bankrupt-
cy Estate of Ralph H. Drake Jr.,
Plaintiffs–Appellees.

Docket Nos. 05–0654(L), 05–2006.

United States Court of Appeals,
Second Circuit.

Sept. 16, 2005.

Stephen J. Waite, Waite & Associates,
P.C., Albany, NY, for Appellant.

Howard M. Daffner, Segel, Goldman
Law Firm, Albany, NY, for plaintiffs-ap-
pellees John W. Tabner, William F. Ryan,
Jr, and William J. Keniry.

Christian H. Dribusch, Albany, NY, for
plaintiff-appellee William McCarthy.

Present: CARDAMONE, CABRANES
and POOLER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED,

**AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Defendant, who brought a voluntary petition for bankruptcy, appeals a judgment of the District Court affirming a decision of the Bankruptcy Court of February 18, 2004 denying him a discharge.

Plaintiffs, the trustee in bankruptcy and certain creditors, initiated an adversary proceeding to preclude defendant from obtaining a discharge. In a comprehensive opinion following a bench trial, the Bankruptcy Court denied defendant a discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(2)(B) and (a)(4)(A). Specifically, the Bankruptcy Court found that defendant had transferred property within a year of the filing of his petition, see 11 U.S.C. § 727(a)(2)(A), as well as the estate's property after the filing of the petition, see 11 U.S.C. § 727(a)(2)(B), "with intent to hinder, delay or defraud a creditor or an officer of the estate." 11 U.S.C. § 727(a)(2). Moreover, the Bankruptcy Court found that in connection with his bankruptcy filing, defendant had knowingly and fraudulently "made a false oath or account[.]" 11 U.S.C. § 727(a)(4)(A). The Bankruptcy Court rejected plaintiffs' additional claims that defendant should be denied discharge for concealing or destroying records, see 11 U.S.C. § 727(a)(3), and failing to explain satisfactorily his loss of particular assets, see 11 U.S.C. § 727(a)(5).

Following the Bankruptcy Court's decision denying defendant a discharge, defendant moved for a new trial or alternatively for amended findings of fact, and the Bankruptcy Court denied the motion. Defendant then appealed his denial of a discharge to the District Court, which affirmed the order of the Bankruptcy Court. On appeal here, defendant contends that the Bankruptcy Court misapplied the Federal Rules of Evidence by allowing defendant to be questioned at trial regarding events underlying a criminal proceeding against him for larceny that had been instituted roughly thirty years prior to the instant bankruptcy; that the Bankruptcy Court exhibited bias against defendant as a result of hearing that testimony; that plaintiffs failed to meet their burden to show that a denial of discharge pursuant to 11 U.S.C. § 727(a)(2) was proper; and that the Bankruptcy Court erred in concluding that defendant had the requisite intent to merit a denial of discharge pursuant to 11 U.S.C. §§ 727(a)(2) and (a)(4). We have independently examined the Bankruptcy Court's decision, reviewing legal conclusions de novo and findings of fact for clear error, see In re Manville Forest Prods. Corp., 209 F.3d 125, 128 (2d Cir.2000), and we uphold the District Court's affirmance of the Bankruptcy Court's decision for substantially the reasons set forth by the District Court in its careful analysis.

We have considered all of defendant's claims on appeal and we hereby AFFIRM the judgment of the District Court.